■ MATRIX CAPITAL BANK, Respondent, v REHMATULLAH MANIAR et al., Defendants. CRES LLC, Nonparty Appellant. [769 NYS2d 516]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered May 5, 2003, which denied plaintiff's assignee's motion for an order directing the Referee to pay over a $25,000 down payment made by appellant, without prejudice to resubmission upon papers that include, inter alia, proof of entry of the judgment of foreclosure and sale, and denied appellant's cross motion for an order vacating the foreclosure sale and directing a refund of its $25,000 down payment, unanimously affirmed, without costs.

The court properly determined that the failure to enter the judgment of foreclosure and sale could be corrected nunc pro tunc, since the judgment was signed and only the ministerial act of having the Clerk stamp it had been neglected (*see Chase Home Mtge. Corp. v Marti*, 279 AD2d 270 [2001]).

The court properly denied appellant CRES's cross motion for the refund of its down payment on the ground that a prior motion for the same relief had been denied by order of Supreme Court, New York County (Edward Lehner, J.), entered August 16, 2002. Justice Lehner rejected CRES's argument that it could not obtain insurable title because a tenant in possession of the subject condominium unit had not been named in the foreclosure action, on the ground that CRES was on notice that the premises were being sold subject to the rights of any tenants in possession of the premises because the terms of sale so provided. We note that CRES did not appeal this order.

CRES argues that Justice Lehner's order does not bar its cross motion because the only title objection raised in the motion decided by the order was the occupancy of the premises and the order did not address new issues that arose at the September 6, 2002 closing. However, in its papers on the prior motion, CRES declared itself satisfied as to all other title issues.

CRES managing member Louis Zazarino's moving affidavit states that he apprised plaintiff's assignee's counsel by fax of "a myriad of objections of title presented to me by Title Company" and annexes as exhibits the title report by First American Title Insurance Company of New York and the said fax calling counsel's attention to, inter alia, the following exceptions from coverage: taxes, tax liens, tax sales, water rates, sewer rents and assessments; proof of publication of the notice of sale; a specified tax lien certificate that must be canceled; and a specified lis pendens that must be canceled along with the discontinuance with prejudice of the action for foreclosure of the tax lien. However, in his reply affidavit, Zazarino asserts that "CRES LLC is currently sufficiently satisfied with all other title issues that currently exist, except for the fatal defect of not joining the tenants in possession at time of process service."

On the subsequent cross motion, in addition to raising the title objections he had relinquished in the prior motion, Zazarino argued that the judgment of foreclosure and sale was not entered, that no Referee's report of sale was filed, that the Referee was not present at the September 6, 2002 closing, and that plaintiff's assignee failed to produce a certified check for $5,000 as agreed. As indicated, the motion court properly rejected the argument that the lack of entry of the judgment of foreclosure and sale warranted vacatur of the foreclosure sale. The court properly rejected CRES's argument that vacatur was warranted by the Referee's failure to file his report of sale (*see Citibank, N.A. v Schimkus*, 231 AD2d 486 [1996], *appeal dismissed* 89 NY2d 981 [1997]) and properly rejected CRES's remaining contentions. Concur—Andrias, J.P., Ellerin, Williams, Lerner and Gonzalez, JJ.